IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

United States of America, )
)
                Plaintiff, )
)
vs. )
)
Brennan Norden, )
)
                Defendant. )
_____)

Case No. A06-00038 CR (RRB)

### MOTION TO ASSIGN DIFFERENT MAGISTRATE JUDGE TO MOTION TO SUPPRESS EVIDENCE -- ILLEGAL SEARCHES AND SEIZURES

A period of excludable delay under 18 U.S.C. 3161(h)(1)(F) may occur as a result of the filing/ granting/denying of this motion

Defendant, Brennan Norden, by and through counsel, Robert M. Herz, of the Law Offices of Robert M. Herz, P.C., respectfully requests that Magistrate Judge John D. Roberts not be assigned under D.Ak.LMR 3 to consider and make recommendations concerning Mr. Norden's Motion to Suppress Evidence -- Illegal Searches and Seizures.

The reason Mr. Norden is making this request is because Magistrate Judge Roberts considered the Government's application for installation of an electronic alerting device in the mailing at issue in the present case. After considering the application, Magistrate Judge Roberts entered an Order approving installation of the device. The application was filed on December 27, 2005 and is entitled: <u>Application of the United States Of America for an Order Authorizing the Installation and Monitoring of an Electronic Alerting Device As a Physical Surveillance Aid</u>. The case number is: No. A05-252 MJ (JDR). Mr. Norden has challenged the validity of this Order in his motion to suppress.

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net

There does not appear to be an absolute right to disqualify a judge who considered a search warrant from presiding later over a motion to suppress evidence seized under the warrant. But courts considering this issue have expressed reservations about the propriety of such a practice. See <u>United States v. Alton</u>, 982 F.2d 285, 287 (8th Cir. 1992) (plain error not found, but court notes: "[w]e have some doubts about the practice, and our affirmance in this case is not to be interpreted as approving it); <u>Hirning v. Dooley</u>, 679 N.W.2d 771, 781-82 (S.D. 2004) (after extensive review of case law, court finds no due process violation, but notes: "it is the better practice to allow a different judge to rule on the validity of such a warrant" [citation omitted]).

Therefore, Mr. Norden respectfully requests assignment of another Magistrate Judge to consider his Motion to Suppress Evidence -- Illegal Searches and Seizures.

DATED at Anchorage, Alaska, this 13th day of September 2006.

THE LAW OFFICES OF ROBERT HERZ, PC

s/ Robert M. Herz
425 G. Street, Suite 600
Anchorage, Alaska 99501
Phone 907-277-7171
Fax 907-277-0281
rmherz@gci.net
AK Bar No. 8706023

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net

**CERTIFICATE OF SERVICE**
I hereby certify that on September 13, 2006, a copy of the foregoing Motion to Assign Different Magistrate was served electronically on Assistant United States Attorney s/ Robert Herz