NELSON P. COHEN
United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
david.nesbett@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 3:06-cr-00038-RRB |
| ) | |
| Plaintiff, ) | **UNITED STATES'** |
| ) | **OBJECTIONS TO REPORT** |
| vs. ) | **AND RECOMMENDATION** |
| ) | **ON MOTIONS TO SUPPRESS** |
| BRENNAN NORDEN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

I.   INTRODUCTION

In its Recommendation Regarding Motions to Suppress, the court granted

the defendant's motion to suppress statements made by him to law enforcement

officers on December 28, 2005.[1]  To the extent that the court has not addressed the government's argument that Norden was not in custody at the time those statements were made, the government objects to the court's Recommendation.

II.   ARGUMENT

The court determined that Norden was entitled to an advisement of rights for purposes of Miranda even though the agents told him he was not under arrest at "that" time.[2]  The time to which the court is referring presumably is the time when Norden was "taken in handcuffs in a police vehicle without his consent."[3]  The government has agreed that Norden was in custody for purposes of Miranda while he was transported to the police station.  The government has argued, however, that after Norden was fingerprinted and the handcuffs were removed, he was no longer in custody.  In that case, a sufficient Miranda advisement is not required.

As discussed in more detail in the government's briefing, when examining the totality of the circumstances surrounding the questioning at the police station,

---

[1] Recommendation Regarding Motions to Suppress, Clerk's Docket No. 53.

[2] Recommendation at 24.

[3] Id.

Norden was not in custody at that time.[4]  As applied to the factors outlined in United States v. Kim, 292 F.3d 969, 973 (9th Cir. 2002), the facts of this case suggest that, objectively, when told repeatedly that he was free to go with the handcuffs off and the doors open, Norden was not in custody.

Furthermore, Norden's testimony was not entirely credible as to his subjective belief that he was not free to leave.  Norden claimed he felt confused, "out there" and frightened.  Both agents testified clearly, however, that they in no way prevented Norden from leaving.  In fact, the agents helped Norden leave when he expressed a desire to do so by arranging for his transportation.  From the testimony, it appears as though Norden deliberately remained with the agents long enough to assess whether he could provide information in exchange for an "exoneration", meaning getting the charges dropped.  When the agents could not promise him that, Norden decided to contact an attorney before discussing the matter further.

Because Norden was not in custody at the police station after the fingerprinting, Miranda warnings were not constitutionally required and the subsequent statements made by Norden should not be suppressed.

---

[4] United States' Opposition to Defendant's Motions to Suppress, Clerk's Docket No. 40 at 10-11.

IV.   CONCLUSION

Based on the foregoing, therefore, Norden's statements should not be suppressed. The defendant's motions should both be denied.

RESPECTFULLY SUBMITTED this 15th day of November 2006, in Anchorage, Alaska.

> NELSON P. COHEN
> United States Attorney
>
> s/ David Nesbett
> Special Assistant U.S. Attorney
> Federal Building & U.S. Courthouse
> 222 West Seventh Avenue, #9, Room 253
> Anchorage, Alaska  99513-7567
> (907) 271-5071
> (907) 271-1500
> email: david.nesbett@usdoj.gov

**CERTIFICATE OF SERVICE**
I hereby certify that on November 15, 2006 a copy of the foregoing was served electronically on:

Robert Herz

s/David Nesbett