IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

United States of America, )
)
                 Plaintiff, )
)
vs. )
)
Brennan Norden, )
)
                 Defendant. )
_____)

Case No. A06-00038 CR (RRB)

## DEFENDANT'S OBJECTIONS TO RECOMMENDATION REGARDING MOTIONS TO SUPPRESS

A period of excludable delay under 18 U.S.C. 3161(h)(1)(F) may occur as a result of the filing/granting/denying of this motion

Defendant, Brennan Norden, by and through counsel, Robert M. Herz, of the Law Offices of Robert M. Herz, P.C., timely files these objections (see Docket No. 57) to the magistrate judge's Recommendation Regarding Motions to Suppress.

### 1. The Order Issued "Pursuant to 18 U.S.C. § 3117" Cannot Justify Electronic Monitoring That Was Illegal under United States v. Karo

In United States v. Karo, 468 U.S. 705, 104 S.Ct. 3296 (1984) the United States Supreme Court held that "the monitoring of a beeper in a private residence" violates the fourth amendment rights of the residents. Id., 468 U.S. at 713, 104 S.Ct. at 3303. Therefore, under Karo, the monitoring of the electronic alerting device in Mr. Norden's residence constituted an illegal search unless Karo is somehow distinguishable.[1]

---

[1] The magistrate judge cited two pre-Karo cases, United States v. Brock, 667 F.2d 1311 (9th Cir. 1982) and United States v. Dubrofsky, 581 F.2d 208 (9th Cir. 1978) in his recommendation. Rec. at 11. Brock held that monitoring a beeper in a private residence was not a search. Id. at 1319-22. Brock is no longer good law after

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net

The magistrate judge's Recommendation appears to rely on an Order entered by the same magistrate judge[2] "pursuant to" 18 U.S.C. § 3117 as the distinguishing factor. <u>Recommendation</u> (hereafter, <u>Rec.</u>) at 11-15. This order purported to allow law enforcement officers to install, monitor and utilize an electronic alerting device within the above described package, either on public or private property. <u>Rec.</u> at 11.

As Mr. Norden pointed out in his motion to suppress, 18 U.S.C. § 3117 does not authorize the entry of this type of order. The statute does not in and of itself authorize installation of a mobile tracking device.[3] Instead, the statute simply provides that if a court is already empowered to issue a warrant, the warrant may allow use of the device outside the jurisdiction of the court. Therefore, an order entered "pursuant to" 18 U.S.C. § 3117 cannot itself authorize monitoring of a tracking device. <u>See</u> <u>United States v. Gbemisola</u>, 225 F.3d 753 (D.C. Cir. 2000).

Interestingly, the magistrate judge states that the order does not purport to be a search warrant or anticipatory warrant "for any location" and cannot be relied on as authority to search Mr. Norden's residence. <u>Rec.</u> at 13. But on the very next page, the magistrate judge states: "the agents <u>obtained a warrant</u> before they installed the electronic device and monitored the movement of the package[4]

---

<u>Karo</u>. <u>Dubrofsky</u> held that monitoring a beeper in a car is not a search. This holding survives <u>Karo</u>. But the case also held that monitoring the device after it was taken into a private residence was permissible. <u>Id.</u> at 211-12. Of course, this aspect of the <u>Dubrofsky</u> decision is no longer good law.

[2] Mr. Norden filed a motion to disqualify Magistrate Judge Roberts from participating in proceedings involving search and seizure issues. This motion was denied by the presiding judge. Mr. Norden continues to maintain that assignment of Magistrate Judge Roberts to these issues was improper.

[3] 18 U.S.C. § 3117(b) defines "tracking" devices as devices allowing monitoring of "movement." The statute has nothing to do with the electronic <u>alerting</u> device used in the present case.

[4] The monitoring of movement was, of course, accomplish by physical surveillance, not the alerting device.

2

from the possession of the postal service to Norden's private residence." Rec. at 14 (emphasis added). The magistrate judge then acknowledged that the Order was "not a search warrant" but went on to say that "it was issued based upon a finding of probable cause to allow the monitoring of the package if and when it should be carried by the recipient to the Norden residence." Id.

The Order cannot be both fish and fowl. If, as the magistrate judge acknowledges, it is not a warrant, then it is not a warrant. In Karo, the Court specifically rejected the Government's argument that it should "be able to monitor beepers in private residences without a warrant ... ." Id. at 468 U.S. at 717, 104 S.Ct. at 3305. If the Order was not a warrant, the monitoring cannot be justified. Moreover, the magistrate judge ignores Mr. Norden's unrebutted argument that 18 U.S.C. § 3117 did not justify issuance of the Order. The Order, which purported to be entered "pursuant to" that statute, must be considered a nullity because the statute did not authorize such an order.

The monitoring of the alerting device inside Mr. Norden's residence violated the fourth amendment. The subsequent searches and seizures, which were the fruit of the illegal monitoring, must be suppressed.

### 2.  Sufficient Probable Cause Existed to Obtain an Anticipatory Warrant.

The government conducted a controlled delivery of the package in this case by having Mr. Norden come to the post office in Kasilof to pick up the package. Even under these circumstances, an anticipatory search warrant to search Mr. Norden's residence could have and should have been obtained. For an anticipatory

warrant to issue it need only be shown that it is "probable" that the evidence will be found at the place to be searched. It need not be certain. To the extent the court interprets United States v. Ruddell, 71 F.3d 331 (9th Cir. 1995) as applying a higher standard than mere "probability" this would be error. Id. at 333 (wherein the court quotes United States v. Ricciardelli, 998 F.2d 8, 12 (1st Cir. 1993) as holding that evidence must be on a "sure and irreversible course to its destination"). This factor articulated by Ricciardelli court was simply one way to establish a "nexus" between the place to be searched and the item sought in the anticipatory warrant.[5] It was not the touchstone for establishing probable cause. The Supreme Court in United States v. Grubbs, 126 S.Ct. 1494, 1500 (2006) made clear that the test was one of probable cause.

Contrary to the magistrate's finding, Mr. Norden asserts that it could be anticipated with fair probability that the package would be taken by Mr. Norden to his residence. As the Supreme Court in Grubbs observed the fact that other possibilities exist does not negate probable cause.[6] While he "might" have taken the package elsewhere this is unlikely. The possibility that he might have opened the package in the truck does not mean a warrant for the home could not have been obtained.[7] There a number of facts that would support a finding of probable cause and the issuance of an anticipatory warrant. One of the most significant is that Mr. Norden

---

[5] See, United States v. Hendricks, 743 F.2d 653, 655 (9th Cir. 1984), where the court noted that a showing that contraband was on a "sure course" to the destination to be searched would demonstrate a sufficient nexus.

[6] "Although it is possible that Grubbs could have refused delivery . . . that was unlikely. The Magistrate therefore 'had a substantial basis for … concluding that probable cause existed.'" Grubbs at 1500. Cites omitted.

[7] Had the package been opened in the truck the officers could have stopped the truck, detained Mr. Norden and investigated the circumstances, just as was accomplished in United States v. Vesikuru, 314 F.3d 1116 (9th Cir. 2002).

had previously received a package containing drugs addressed to his residence,[8] and that Mr. Norden was previously stopped for carrying prescription drugs over the border illegally.[9] The officers also acknowledged that the quantity of drugs in this case suggested with probability that they were going to be re-packaged before distribution[10] and that in all probability such re-packing would occur in Mr. Norden's residence. These facts taken together are more than sufficient to allow a reasonable inference that in all probability that the package would be found at his residence after picking it up at the post office.[11] Since the officers maintained surveillance on Mr. Norden's vehicle from the time it left the post office until it returned to his residence, there would be little chance of the warrant being executed before the condition precedent occurred.

Hence, an the government should have sought an anticipatory warrant in this case, and the evidence that was obtained subsequent to the warrantless entry into Mr. Norden's home should be suppressed.

---

[8] Kasilof is a small rural community and Mr. Norden was well known to the postal clerks. The clerks testified that they would recognize a package as belonging to Mr. Norden even if the street name on the address on the package was "Elysabe" or "Evelyn Way" or Evelyn May" and whether his name was on it or not and whether it was spelled correctly or not. The previous package was addressed to "Elysabe" Street and also came from Canada as did the subject package in this case. See, Magistrate's Recommendation at 2-3.

[9] The Magistrate's Recommendation found the Valium and Diazepam shipment came from Canada. See, Magistrate's Recommendation at 3. This is incorrect. The testimony reflected a border search in Texas and that Mr. Norden lived in Missoula, Montana at the time.

[10] The pills were packed in five separate baggies with each baggie containing 100 pills. See, Magistrate's Recommendation at 3.

[11] For example of factors that courts have relied upon in finding probable cause in anticipatory warrants, the court should consider United States v. Garcia, 882 F.2d 699 (2d Cir. 1989), where the police had a telephone number connected with the apartment to be searched that was found on drug couriers, that drugs had been delivered to that location before, and a person suspected of drug activity had been observed to come and go from the location at least one time. Id. at 704  In United States v. Dennis, 115 F.3d 524 (7th Cir. 1997) the defendant had been connected to narcotic activities in the past, the package was mailed as an express mail package and the amount sent was too much to have been sent on a whim. Id. at 530-531. And in

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net

DATED at Anchorage, Alaska this 21ST day of November, 2006.

LAW OFFICES OF ROBERT M. HERZ, P.C.

s /Robert M. Herz
425 G. Street, Suite 600
Anchorage, Alaska  99501
Phone 907-277-7171
Fax 907-277-0821
rmherz@gci.net
AK Bar No. 8706023

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net

**Certificate of Service**

I hereby certify that on November 21, 2006 a copy of the foregoing was served electronically on the Assistant United States Attorney
s/Robert Herz